**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 10-273-DLB-CJS**

**THEODORE LEE FISK**                                              **PLAINTIFF**

vs.                  <u>**MEMORANDUM OPINION AND ORDER**</u>

**CIGNA GROUP INSURANCE, ET AL.**                            **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Theodore Lee Fisk ("Fisk") commenced this civil action against Defendants Cigna Insurance Group ("LINA"),[1] Employee Benefit Plans Committee Toyota Motor Engineering and Manufacturing North America ("Employee Benefit Plans Committee"), and Toyota Motor Manufacturing North America, Inc. ("Toyota")[2] alleging that he was wrongfully denied short term disability ("STD") and long term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). Against Toyota, Plaintiff also asserts a negligence and/or bad faith claim alleging that Toyota failed to provide an accurate job description of Plaintiff's true duties and responsibilities for his disability determination. The Court's jurisdiction is premised on

---

[1] In its Motion to Dismiss, Defendant LINA indicates that Plaintiff has sued the incorrect party, as Cigna Group Insurance is not a corporate entity or an insurance company but merely a registered service mark. Defendant contends that Life Insurance Company of North America (LINA) is the correct party. At oral argument, Plaintiff did not contest Defendant's assertion.

[2] In its Answer (Doc. # 13), Defendant Toyota states that it was improperly sued in the name of Toyota Motor Manufacturing North America, Inc. The proper party is Toyota Motor Engineering & Manufacturing North America, Inc.

federal question jurisdiction.

This matter is currently before the Court on Defendant LINA's Motion to Dismiss[3] (Doc. # 16) Plaintiff's LTD benefits claim because he failed to exhaust his administrative remedies. A telephonic Oral Argument was held on September 28, 2011. Plaintiff was represented by Scott Best and Louis Schneider, Defendant LINA was represented by Cameron Hill, and Defendants Employee Benefit Plans Committee and Toyota were represented by Craig Siegenthaler. The matter is now ripe for review.

For the reasons set forth below, because Plaintiff has failed to show by clear and positive indication that his pursuit of administrative remedies would be futile, *see Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998), Defendant LINA's Motion to Dismiss (Doc. # 16) is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At all times relevant to the Complaint, Fisk was a full-time employee of Defendant Toyota with exempt employment status. As a full-time employee of Toyota, Fisk qualified for and participated in Toyota's STD and LTD Disability Plans. Defendant LINA acts as the claims administrator of both plans.

Under Toyota's STD Plan, "disability" is defined as "a physical or mental condition that renders you incapable of performing any of your usual duties with Toyota." (Doc. # 21-1, at 4). The STD Plan provides benefits for up to fifty-two weeks of disability. As a full-time exempt employee, Fisk was eligible to receive 100% of his base salary for weeks one through twenty-six and 65% for weeks twenty-six through fifty-two.

---

[3] LINA alternatively requests that this motion be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. (Doc. # 17, at 3).

Under Toyota's LTD Plan, an employee is considered "disabled" if he or she is "unable to perform the material duties of his or her Regular Occupation; and unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation." (Doc. # 21-1, at 11). "Regular Occupation" is defined as: "The occupation the [employee] routinely performs at the time the Disability begins. In evaluating the Disability, the Insurance Company will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location." *Id.* at 30. The LTD Plan requires an elimination period of fifty-two weeks before the employee becomes eligible.

Plaintiff filed his Complaint on December 1, 2010 alleging that he was wrongfully denied benefits under the STD and LTD Plans. Plaintiff contends that he meets the definition of "disability" as provided in both plans and has met such definition since January 19, 2010.

## II. ANALYSIS

### A. Standard of Review

Although Defendant LINA has styled its motion as a "Motion to Dismiss," it alternatively requests that the motion be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. In support of its motion, LINA has submitted and relied upon materials extrinsic to the pleadings.[4] At oral argument, Plaintiff's counsel objected to the Court's consideration of the motion as one for summary judgment unless

---

[4] Excerpts from the Administrative Record (Doc. # 17-1); Declaration of Lisa Mekkelsen (Doc. # 17-2); and Declaration of Richard Lodi (Doc. # 21-1)

Plaintiff be allowed to depose LINA's Senior Operations Representative Richard Lodi, who submitted a sworn declaration (Doc. # 21-1) in support of LINA's motion.

Rule 12(b) permits a party to assert certain defenses, such as lack of personal jurisdiction or insufficient process, by motion. Although not specifically mentioned in Rule 12(b), other grounds for dismissal, such as failure to exhaust administrative remedies and statute of limitations, are commonly decided on motions to dismiss, a practice upheld by the Supreme Court and Sixth Circuit. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). However, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Despite LINA's submission and reliance on documents outside the pleadings, the Court finds that the consideration of those documents, with one exception noted below, is not necessary to adjudicate the motion to dismiss for failure to exhaust administrative remedies. Therefore, the Court will exclude the extrinsic exhibits submitted by LINA and treat the motion as a motion to dismiss pursuant to Rule 12(b). For purposes of a motion to dismiss, "all allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir. 1991). While Plaintiff's factual allegations must be accepted as true, legal conclusions or unwarranted factual inferences need not be accepted by the reviewing court. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).

In considering a defendant's motion to dismiss, it is also appropriate for this Court to take account of any relevant plan documents incorporated into the complaint by

reference. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Courts may consider ERISA plan documents not attached to a complaint where a plaintiff's claims are "based on rights under plans which are controlled by the plans' provisions as described in the plan documents" and where the documents are "incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims." *Id.* at 89; *see also City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 659 n.6 (6th Cir. 2005). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Accordingly, because Plaintiff has specifically referenced Toyota's STD and LTD Plans in his Complaint (Doc. # 1) and his claims are based on rights under the plans, the plan documents LINA attached to the Declaration of Richard Lodi (Doc. #21-1) will also be considered as part of the pleadings in ruling on Defendant's motion to dismiss. At oral argument, Plaintiff indicated that he did not object to the Court's consideration of these plan documents.

    **B.**    **Exhaustion of Administrative Remedies**

Defendant LINA argues that Plaintiff did not exhaust his administrative remedies as required by ERISA because Plaintiff never submitted a claim for LTD benefits. Acknowledging the fact that he did not apply for LTD benefits, Plaintiff argues that he was not required to do so because such an attempt would be futile.

The Sixth Circuit has repeatedly held that, although ERISA does not explicitly require exhaustion of administrative remedies, "[t]he administrative scheme of ERISA

requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (quoting *Miller v. Metro. Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir. 1991)).  This implicit requirement is not only consistent with ERISA's legislative history but with the statute itself, which mandates that every employee benefit plan "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id.* (citing 29 U.S.C. § 1133(2)).

The purposes of administrative exhaustion are to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement.  *Id.* at 975 (citing *Makar v. Health Care Corp. of the Mid-Atlantic (CareFirst)*, 872 F.2d 80, 83 (4th Cir. 1989)).  The exhaustion requirement, therefore, enables plan fiduciaries to efficiently manage their funds, correct their errors, interpret plan provisions, and assemble a factual record that will assist a court in reviewing any decisions.  *Id.*  The application of the administrative exhaustion requirement is committed to the sound discretion of the district court and, thus, cannot be disturbed on appeal unless there has been an abuse of discretion.  *Id.* at 974; *see also Baxter* , 941 F.2d at 453-54 (6th Cir. 1991).

The Court has recognized an exception to the administrative exhaustion requirement when it can be shown "by clear and positive indication" that a plaintiff's pursuit of administrative remedies would be futile.  *Fallick v. Nationwide Mut. Ins. Co.* , 162 F.3d

410, 419 (6th Cir. 1998). To meet this standard, a plaintiff must show that "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (internal quotations and citation omitted). Generally, the Sixth Circuit applies the administrative futility doctrine in two scenarios. First, when the "[p]laintiff's suit [is] directed to the *legality* of [the plan], not to a mere *interpretation* of it," *Costantino*, 13 F.3d at 975 (emphasis in the original), and also when the defendant "lacks the authority to institute the [decision] sought by [the plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005). This case does not fall within either scenario.

Plaintiff maintains that it would have been an act of futility to apply for LTD benefits because LINA, the same claims administrator who had denied his STD benefits, would also be deciding his LTD benefits claim under a more restrictive disability standard than the STD benefits claim. Under the STD Plan, "disability" is defined as "a physical or mental condition that renders you incapable of performing any of your usual duties with Toyota." (Doc. # 21-1, at 4). On the other hand, pursuant to the LTD Plan, an employee is considered "disabled" if he or she is "unable to perform the material duties of his or her Regular Occupation; and unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation." (Doc. # 21-1, at 11). "Regular Occupation" is defined as: "The occupation the [employee] routinely performs at the time the Disability begins. In evaluating the Disability, the Insurance Company will consider the duties of the occupation as it is normally performed in the general labor market in the national economy. It is not work tasks that are performed for a specific employer or at a specific location." *Id.*

7

at 30. Plaintiff contends that the standard for qualifying for disability benefits under the STD Plan is less restrictive than qualifying for benefits under the LTD Plan. Thus, it would be futile to apply for LTD benefits with the same administrator that denied Plaintiff's STD benefits under the lesser standard.

To support his position, Plaintiff claims the facts of this case are analogous to those in the Sixth Circuit's decision in *Dozier v. Sun Life Assur. Co. of Canada*, 466 F.3d 532 (6th Cir. 2006). In *Dozier*, the plaintiff participated in LTD and life insurance policies underwritten by Sun Life Assurance Company of Canada ("Sun Life"). *Dozier*, 466 F.3d at 533. The LTD Plan applied to employees "unable to perform the Material and Substantial Duties of his *Own Occupation*." *Id.* (emphasis in the original). The life insurance policy offered a waiver-of-premium benefit for disabled employees, defined as those who are "unable to perform the material and substantial duties of *any occupation* for which he is or becomes reasonably qualified for by education, training or experience." *Id.* (emphasis in the original). The plaintiff applied for benefits under each policy through a single application form provided by Sun Life. *Id.* Sun Life's policy required that if an employee filed for LTD benefits, he did not need to additionally file for the waiver-of-premium benefit. *Id.* at 535. Subsequently, both the LTD benefits and waiver-of-premium claims were denied by Sun Life. *Id.* at 534. The plaintiff appealed the LTD benefits denial, but Sun Life upheld the initial decision. *Id.* However, the plaintiff did not appeal the waiver-of-premium denial. *Id.* Ultimately, the Court found that the plaintiff was not required to exhaust his administrative remedies and seek administrative review of his waiver-of-premium denial because he had "every reason to believe that administrative review of the

waiver-of-premium claim would be pointless," and could fairly assume that the same company would apply the tests for both plans consistently, "meaning that denial of one claim would foreclose eligibility for relief on the other." *Id*. at 535. Relying on *Dozier*, Plaintiff argues that because both his STD and LTD Plans were administered by one company, as in *Dozier*, for him to apply for LTD benefits after being denied STD benefits would be futile.

Defendant attempts to distinguish *Dozier* by asserting that unlike *Dozier*, which involved an "own occupation" and "any occupation" standard where denial under one excluded recovery from the other, the standards used in the present case are simply two different "own occupation" standards–one is not necessarily more restrictive than the other. Therefore, Defendant argues that had Plaintiff applied for LTD benefits after the 52-week elimination period[5], he might have been approved.

Upon consideration of the parties' arguments, the Court finds that *Dozier* is clearly distinguishable from the present case. In *Dozier*, the court found exhaustion of administrative remedies excused under the futility doctrine not only because the claims were handled by the same company, but because of that company's particular practices in handling the claims. *Dozier,* 466 at 535. Pursuant to Sun Life's policy, LTD benefits and waiver-of-premium claims were treated concurrently–an application for LTD benefits was automatically viewed as an application for a waiver-of-premium. *Id*. at 535-536. However, LINA does not treat STD and LTD benefits claims as one in the same, and Plaintiff has

---

[5] According to Plaintiff's Complaint, he has been disabled since January 19, 2010. Therefore, Plaintiff was not eligible for LTD benefits until January 2011. Plaintiff filed this action on December 1, 2010.

failed to file an application for LTD benefits resulting in no administrative record for the Court to review. *See Norberry v. Life Ins. Co. of N. Am.*, No. 3:07-1268, 2008 WL 5170404 (M.D. Tenn. Dec. 10, 2008) (Court found that because the plaintiff did not file a LTD benefits claim and thus there was no administrative record to review, her LTD benefits claim must be dismissed for failure to exhaust administrative remedies). At the time Plaintiff filed the Complaint in this Court, he was not even eligible to receive LTD benefits.

Moreover, unlike *Dozier*, the disability definitions in this case do not fall under the "own" and "any" occupation standard, where one necessarily includes the other; rather, they are simply two different "own" occupation standards. Arguably, an employee's position at Toyota may exclude a material duty of his or her "regular occupation" as it is normally performed in the general labor market in the national economy. Thus, if it was that material duty that the employee could not perform due to his sickness or injury, he would be not be eligible for STD benefits but would be eligible for LTD benefits. Consequently, Plaintiff cannot prove that it is certain that his LTD benefits claim would have been denied and has failed to establish by a clear and positive indication that filing a LTD benefits claim would have been futile.

One final matter deserves brief comment. Plaintiff additionally requests that should the Court determine Plaintiff's claim is not ripe for review because he failed to exhaust his administrative remedies, he now be allowed to file a LTD benefits claim. Plaintiff bases this request on *Welsh v. Wachovia Corp.*, 191 F. App'x 345, 359 (6th Cir. 2006) (Plaintiff afforded the opportunity to go back and file a claim for LTD benefits and therefore assemble a factual record, after the court found that he was unreasonably denied the full twenty-six weeks of STD benefits).

Plaintiff's argument can be addressed in short order. Simply put, in *Welsh*, pursuant to the terms of the LTD plan, the plaintiff had to exhaust the full twenty-six weeks of STD benefits before becoming eligible for LTD benefits. Given the court's conclusion that Welsh qualified for the full twenty-six weeks of STD benefits, his "failure" to apply for LTD benefits was excused and he was allowed to file a LTD benefits claim in order to assemble a factual record. Unlike Welsh, Fisk was not precluded by the terms of the Plan from applying for and receiving LTD benefits simply because he did not exhaust the full fifty-two weeks of STD benefits. Plaintiff's ability to now file a LTD benefits claim will depend upon the terms of the LTD Plan.

## III.  CONCLUSION

Accordingly, for the reasons set forth herein, because Plaintiff cannot show by clear and positive indication that his pursuit of administrative remedies would be futile,

**IT IS ORDERED** as follows:

(1)  Defendant LINA's Motion to Dismiss (Doc. # 16) is hereby **GRANTED**;

(2)  Plaintiff's long term disability benefits claim is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

(3)  within **ten (10) days** from the date of this Order, the parties shall file joint or individual status reports with respect to how the Court should adjudicate the remaining claims.

This 3rd day of October, 2011.



**Signed By:**
**_David L. Bunning_**
**United States District Judge**

G:\DATA\Opinions\Covington\2010\2-10-273 MOO Granting MTD.wpd